UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | Cr. No.: 6:04-cr-01127-GRA-8 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Cory Newman, | ) | (Written Opinion) |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter comes before the Court upon Defendant's *pro se* Motion for Reduction of Sentence under 18 U.S.C. § 3582(c)(2). Defendant seeks a sentence reduction based on a recent amendment to the United States Sentencing Guidelines ("Sentencing Guidelines"). Defendant also "attack[s] the predicate offenses used to enhance his sentence." (Mot. 1, ECF No. 229.) This Court finds that Defendant's collateral attack on his sentence should be construed as a petition under 28 U.S.C. § 2255.

For the reasons discussed below, Defendant's § 3582(c) Motion is DENIED. The Court will reserve judgment on the merits of Defendant's collateral attack on his sentence until he either objects to this matter being treated as a petition under 28 U.S.C. § 2255 or the twenty (20) day period for objections has expired.

**Background**

On June 27, 2005, Defendant pled guilty to one count of conspiracy to possess with intent to distribute a mixture of methamphetamine, in violation of 21

U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846; one count of possession of equipment and chemicals used to manufacture a controlled substance, in violation of 21 U.S.C. § 843(a)(6) and 18 U.S.C. § 2; and one count of possession of ammunition, in violation of 18 U.S.C. §§ 922(g), 924(a), and 924(e).  On October 17, 2005, this Court sentenced Defendant to 151 months for each count, with all terms to run concurrently.  Defendant filed this Motion on January 26, 2011.

## Standard of Review

Defendant brings this claim *pro se*.  District courts are required to construe liberally pleadings filed by a *pro se* litigant to allow for the development of a potentially meritorious claim.  *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam).  Such pleadings are held to a less stringent standard than those drafted by attorneys.  *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

However, the requirement of liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court.  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).  The liberal construction requirement means that if the court can reasonably read the pleadings to state a valid claim on which the party could prevail, it should do so; however, a district court may not rewrite a motion to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the party's legal arguments for him, *Small v. Endicott*, 998

F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Discussion

Defendant asks this Court for a sentence reduction under a recent amendment to the Sentencing Guidelines, Amendment 742, and also asks this Court to re-sentence him due to a perceived error in the calculation of his sentencing guidelines.

### A.     18 U.S.C. § 3582(c)

Defendant moves this Court to re-sentence him under 18 U.S.C. § 3582(c)(2), which states that

> [t]he court may not modify a term of imprisonment once it has been imposed except that . . . (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582(c)(2) (emphasis added).

The applicable policy statement is found in U.S.S.G. § 1B1.10(a). Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in § 1B1.10(c), a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). U.S.S.G. § 1B1.10(a)(1). However, if an amendment is not listed in § 1B1.10(c), it may not be applied

retroactively on a § 3582(c)(2) motion. *See* U.S.S.G. § 1B1.10(a)(2); *United States v. Dunphy*, 551 F.3d 247, 249 n.2 (4th Cir.), *cert. denied*, ___ U.S. ___, 129 S. Ct. 2401 (2009); *see also United States v. McHan*, 386 F.3d 620, 622 (4th Cir. 2004) (holding that in order for § 3582(c)(2) to apply, the amendment must be listed in U.S.S.G. § 1B1.10(c)).

Defendant asserts that his sentencing range has been subsequently lowered by the Sentencing Commission through Amendment 742, U.S.S.G. App. C, Amend. 742 (Nov. 1, 2010) (amending § 4A1.1(e)).  Amendment 742 deleted the provision that added up to two criminal history points if the defendant committed "any part of the instant offense . . . less than two years following release from confinement . . . ."  U.S.S.G. § 4A1.1(e).

Because Defendant committed the offense of conviction within two years of being released from custody and because Defendant was sentenced before November 1, 2010, he did receive a one-point increase to his criminal history points. However, Amendment 742 is not listed in § 1B1.10(c) and, thus, it cannot be applied retroactively to Defendant.  Defendant's § 3582(c)(2) Motion is DENIED.

### B.    *28 U.S.C. § 2255*

The remaining portion of Defendant's Motion asserts that recent Supreme Court decisions have established that Defendant's prior convictions were incorrectly used to increase his criminal history points.  This claim does not fall within the parameters of § 3582.  Once a Court imposes a sentence on a defendant, that

sentence is final and cannot be modified by the Court except pursuant to a motion by the Director of the Bureau of Prisons, to a statute, to Federal Rule of Criminal Procedure 35, or to a retroactive amendment of the Sentencing Guidelines that results in a change in the sentencing range that originally applied to the defendant. 18 U.S.C. § 3582.  The Director of the Bureau of Prisons has made no such motion, the time for Defendant to move for a sentence correction under Rule 35 has expired, and there is no applicable retroactive amendment.  Consequently, unless Defendant's sentence can be modified pursuant to a statute, this Court does not have the authority to provide relief to Defendant.

While Defendant asserts his two separate claims under § 3582(c)(2), the labels assigned to pleadings filed by *pro se* litigants are not determinative.  *See Gordon*, 574 F.2d at 1151.  Because Defendant essentially seeks a sentence correction, this Court finds that the matter should be construed as a petition for habeas corpus relief under 28 U.S.C. § 2255. *See, e.g.*, *United States v. Banks*, Nos. 7:06-cr-00107, 7:10-cv-80228, 2010 WL 1253930, at *1 (W.D. Va. Mar. 29, 2010) (construing a defendant's motion as a § 2255 petition where the defendant alleged that two prior convictions were improperly counted against him in the determination of his criminal history category for purposes of sentencing). Such a construction may have serious implications for Defendant, due to the procedural limitations on § 2255 petitions, and it may limit his ability to pursue his claims.  Therefore, these limitations will be briefly outlined.

Prior to the enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA") in 1996, a prisoner seeking federal habeas relief essentially operated under no statutory time limitation. The AEDPA instituted a one-year statute of limitations for filing motions pursuant to 28 U.S.C. § 2255. The AEDPA's amendments to 28 U.S.C. § 2255 provide, in relevant part, that:

> A 1-year period of limitation shall apply to a motion under this section.
>
> The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In addition to the time limitations above, petitioners are also limited in the number of petitions they are allowed to make. Under the AEDPA, an individual is not permitted to "file a second or successive . . . § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of

appeals." *In Re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc) (internal citations omitted). Section 2255 provides that:

> [a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *see also* 28 U.S.C. §§ 2244, 2253.

Because a prisoner is entitled to file only one § 2255 petition without seeking permission from the court of appeals, the United States Court of Appeals for the Fourth Circuit has implemented certain safeguards for prisoners before their filings may be construed as a § 2255 petition. *See United States v. Blackstock*, 513 F.3d 128 (4th Cir. 2008); *United States v. Emmanuel*, 288 F.3d 644 (4th Cir. 2002). Before a district court re-characterizes a filing as a § 2255 petition, it must: (1) notify the petitioner of this decision; (2) advise the petitioner of the statutory and procedural limitations on § 2255 petitions, as discussed above; and (3) provide the petitioner a reasonable opportunity to respond to the re-characterization. *Emmanuel*, 288 F.3d at 649.

In compliance with this directive, this Court is providing Defendant twenty (20) days from the date this order is entered (plus three days for mail time, pursuant

to Federal Rule of Civil Procedure 6(d)) to inform, in writing, the Clerk's Office in Greenville, South Carolina, if he does not wish the above-captioned matter to be treated as a § 2255 petition. If Defendant files an objection to treatment of the Motion under § 2255, the Court will rule upon the Motion as styled.

If, at the end of the period specified in this Order, the Clerk's Office has not received a response from Defendant, the Court will treat the above-captioned case as a § 2255 action and rule accordingly. It appears from the face of the Motion that Defendant's § 2255 is untimely. Should Defendant elect to pursue this claim under § 2255, he should explain why he believes his claims are not untimely.

IT IS THEREFORE ORDERED AS FOLLOWS:

(1) Defendant has twenty (20) days from the entry of this order to notify the Clerk of Court if he does not wish for his request for a sentence correction to be construed as a § 2255 petition, and

(2) Defendant's § 3582(c)(2) Motion, relying on Amendment 742, is DENIED.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

February 4, 2011
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL
## DENIAL OF DEFENDANT'S § 3582(c)(2) MOTION

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Defendant has the right to appeal this Order within sixty (60) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**