IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| Cory Newman, | ) | |
|     Petitioner, | ) | Cr. No.: 6:04-cr-01127-GRA |
| | ) | |
| | ) | **ORDER** |
|     v. | ) | (Written Opinion) |
| | ) | |
| United States of America, | ) | |
| | ) | |
|     Respondent. | ) | |

This matter comes before the Court upon Petitioner Cory Newman's ("Petitioner") *pro se* "Motion for My Relief." ECF No. 274. In his motion, Petitioner challenges the validity of his convictions and 151-month sentence for various drug offenses. However, the Court finds that it is without jurisdiction to rule on the petition.

Petitioner brings this claim *pro se*. District courts are required to construe liberally pleadings filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

On June 21, 2012, the Court issued an Order denying Petitioner's Motion to Vacate under 28 U.S.C. § 2255, Motion for Extension of Time, and Motion for Reconsideration. ECF No. 262. Petitioner then filed a notice of appeal with the Fourth Circuit Court of Appeals on July 5, 2012, and that appeal is still pending before the Fourth Circuit. As such, this Court no longer has jurisdiction over any facet of

Petitioner's case.  *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal").

**IT IS THEREFORE ORDERED** that this Court lacks jurisdiction to rule on the petition.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

September  7 , 2012
Anderson, South Carolina