IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Cory Newman, | ) | |
|        Petitioner, | ) | Cr. No.: 6:04-cr-01127-GRA-8 |
| | ) | |
| | ) | **ORDER** |
|        v. | ) | (Written Opinion) |
| | ) | |
| United States of America, | ) | |
| | ) | |
|        Respondent. | ) | |
| | ) | |

This matter comes before the Court upon Petitioner Cory Newman's ("Petitioner") *pro se* "Motion for My Relief." ECF No. 287. Specifically, Petitioner challenges the validity of his conviction for being a felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g), 942(a), and 924(e) in light of the holding in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). For the reasons stated herein, Petitioner's motion is DISMISSED.

## Background

On June 27, 2005, Petitioner pled guilty to one count of conspiracy to possess with intent to distribute a mixture of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846; one count of possession of equipment and chemicals used to manufacture a controlled substance/ aiding and abetting in violation of 21 U.S.C. § 843(a)(6) and 18 U.S.C. § 2; and one count of possession of ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g), 942(a), and 924(e). *See* ECF No. 124. Petitioner was sentenced by this Court on October 17,

2005 to 151 months imprisonment on each count, with all terms to run concurrently. ECF No. 175.

Subsequently, Petitioner filed a motion to vacate under 28 U.S.C. § 2255 which this Court denied on March 18, 2011. ECF Nos. 244 & 251. Petitioner appealed this denial to the Fourth Circuit Court of Appeals, and the Fourth Circuit affirmed the decision on June 21, 2011. ECF No. 255. Petitioner filed a second § 2255 petition on May 23, 2012,[1] and this Court dismissed the petition as a second or successive § 2255 motion that the Fourth Circuit had not authorized Petitioner to file. ECF Nos. 261 & 262. The Fourth Circuit affirmed this dismissal on appeal on November 6, 2012. ECF No. 285.

During the pendency of Petitioner's second appeal, he filed a motion for relief from his sentence pursuant to the ruling in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). ECF No. 274. This Court dismissed the motion because the Court lacked jurisdiction to consider it while Petitioner's case was on appeal. ECF No. 275. Subsequent to the Fourth Circuit's ruling on appeal, Petitioner has once again brought his *pro se* motion for relief before this Court.

### Standard of Review

Petitioner brings this claim *pro se*. District courts are required to construe liberally pleadings filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982)

---

[1] Prisoner petitions are deemed filed at the time that they are delivered to prison authorities for mailing to the court clerk. *Houston v. Lack*, 487 U.S. 266, 276 (1988).

(per curiam). Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

## Discussion

As a preliminary matter, the relief requested in Petitioner's "Motion for My Relief" is that which would result from a successful motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Generally, when federal prisoners seek relief from "their convictions and sentences," the proper avenue is a petition under 28 U.S.C. § 2255. *Rice v. Rivera,* 617 F.3d 802, 807 (4th Cir. 2010). Thus, because Petitioner challenges his conviction and sentence in light of the ruling in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), the Court re-characterizes his motion as a § 2255 petition. *See United States v. Winestock,* 340 F.3d 200, 206–07 (4th Cir. 2003) (stating that "a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application" as will "new legal arguments or proffers of additional evidence").[2]

---

[2] When recharacterizing a *pro se* petitioner's motion as a § 2255 motion, "the district court must notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." *Castro v. United States*, 540 U.S. 375, 383 (2003); *see United States v. Emmanuel*, 288 F.3d 644, 649 (4th Cir. 2002) (same). However, this notice must only be given "when a court recharacterizes a *pro se* litigant's motion as a *first* § 2255 motion." *Id.* (emphasis added). After the first § 2255 motion, "all later collateral attacks must be seen for what they are . . . [and] *Castro*'s warn-and-allow-withdrawal approach does not apply." *United States v. Lloyd*, 398 F.3d 978, 980 (7th Cir. 2005); *see also United States v. Brown*, 132 F. App'x 430, 431 (4th Cir. 2005) (finding no reversible error when a district court did not give a petitioner notice that it was construing his motion as a § 2255 motion because it was not his first § 2255 motion). Because this is Petitioner's third § 2255 motion and not his first and because Petitioner was given the notice required by *Castro* prior to his first § 2255 motion, *see* ECF No. 232, this Court is not required to notify him prior to construing the present motion as a § 2255 motion.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) limits the number of § 2255 petitions that petitioners are allowed to file. Under the AEDPA, an individual is not permitted to "file a second or successive . . . § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals." *In Re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (citations omitted). The court of appeals will only allow a second or successive § 2255 petition if the petition contains either "newly discovered evidence . . . or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1)–(2) (2006).

Here, Petitioner previously filed two § 2255 petitions, which were dismissed by this Court. *See* ECF Nos. 251 & 262. The Fourth Circuit Court of Appeals denied Petitioner a certificate of appealability and dismissed his appeals. *See* ECF Nos. 255 & 285. Petitioner does not allege that he has obtained an order of certification from the Fourth Circuit authorizing this Court to consider his third § 2255 motion. Therefore, the instant petition should be dismissed because this Court lacks jurisdiction to hear a second or successive § 2255 motion filed by Petitioner.

Furthermore, even if this Court had jurisdiction to consider Petitioner's claims, Petitioner is not entitled to any relief under *Simmons*. Petitioner challenges his conviction under 18 U.S.C. § 922(g) for possession of ammunition by a person "who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year." *Simmons*, which was based on North Carolina's unique sentencing regime, held that in determining whether a prior conviction was

"punishable" by a term of imprisonment greater than one year, federal courts should not consider "hypothetical aggravating factors" but should consider the crime for which a defendant was "actually convicted." *Simmons*, 649 F.3d at 244–45. However, *Simmons* is simply inapplicable to Petitioner's prior South Carolina convictions. Petitioner has been convicted of a number of crimes that are punishable by more than one year and actually received sentences in excess of a year for these crimes. *See* Report and Recommendation, ECF No. 29. Thus, his conviction under 18 U.S.C. § 922(g) has not been affected by *Simmons*, and Petitioner is not entitled to relief on this claim.

**IT IS THEREFORE ORDERED** that Petitioner's Motion is DISMISSED. The Court declines to issue a certificate of appealability in this matter.[3]

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

December 19, 2012
Anderson, South Carolina

---

[3] When a district court issues a final ruling on a habeas petition, the court must issue or deny a certificate of appealability. *See* Rule 11(a) of the Rules governing 28 U.S.C. § 2254 & 2255. The Court has reviewed its order and, pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 cases, declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322 (2003) (to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (*citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).