IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Cory Newman, | ) | |
|     Petitioner, | ) | Cr. No.: 6:04-cr-01127-GRA-8 |
| | ) | |
| | ) | **ORDER** |
| v. | ) | (Written Opinion) |
| | ) | |
| United States of America, | ) | |
| | ) | |
|     Respondent. | ) | |

This matter comes before the Court upon Petitioner Cory Newman's ("Petitioner") *pro se* Motion for Reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. ECF No. 291. Specifically, Petitioner asks the Court to reconsider its December 19, 2012 Order dismissing Petitioner's motion pursuant to 28 U.S.C. § 2255 as a second or successive § 2255 motion. For the reasons stated herein, Petitioner's Motion for Reconsideration is DENIED.

## **Background**

On June 27, 2005, Petitioner pled guilty to one count of conspiracy to possess with intent to distribute a mixture of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846; one count of possession of equipment and chemicals used to manufacture a controlled substance/ aiding and abetting in violation of 21 U.S.C. § 843(a)(6) and 18 U.S.C. § 2; and one count of possession of ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g), 942(a), and 924(e). *See* ECF No. 124. Petitioner was sentenced by this Court on October 17,

2005 to 151 months imprisonment on each count, with all terms to run concurrently. ECF No. 175.

Subsequently, Petitioner filed a motion to vacate under 28 U.S.C. § 2255 which this Court denied on March 18, 2011.  ECF Nos. 244 & 251.  Petitioner appealed this denial to the Fourth Circuit Court of Appeals, and the Fourth Circuit affirmed the decision on June 21, 2011.  ECF No. 255.  Petitioner filed a second § 2255 petition on May 23, 2012,[1] and this Court dismissed the petition as a second or successive § 2255 motion that the Fourth Circuit had not authorized Petitioner to file. ECF Nos. 261 & 262.  The Fourth Circuit affirmed this dismissal on appeal on November 6, 2012.  ECF No. 285.

During the pendency of Petitioner's second appeal, he filed a motion for relief from his sentence pursuant to the ruling in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011).  ECF No. 274.  This Court dismissed the motion because the Court lacked jurisdiction to consider it while Petitioner's case was on appeal.  ECF No. 275. Subsequent to the Fourth Circuit's ruling on appeal, Petitioner again brought his motion for relief, which the Court construed as a second or successive § 2255 motion and dismissed for lack of jurisdiction on December 19, 2012.  *See* ECF No. 288. Petitioner now seeks reconsideration of that Order.

## Standard of Review

Petitioner brings this claim *pro se*.  District courts are required to construe liberally pleadings filed by a *pro se* litigant to allow for the development of a

---

[1] Prisoner petitions are deemed filed at the time that they are delivered to prison authorities for mailing to the court clerk.  *Houston v. Lack*, 487 U.S. 266, 276 (1988).

potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

## Discussion

Petitioner brings this Motion for Reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure. Rule 59(e) provides that: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed.R.Civ.P. 59(e). Although Rule 59(e) does not itself provide a standard under which a district court may grant a motion to alter or amend a judgment, the Fourth Circuit Court of Appeals has recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). Thus, Rule 59(e) permits a district court to correct its own errors, "sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Id.* (citing *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). However, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Id.*

Petitioner brings this Rule 59(e) motion under the third ground recognized by the Fourth Circuit and asserts that the Court's previous ruling was incorrect under the law. *See* ECF No. 291. However, after a review of Petitioner's current motion and

the Court's previous order, the Court finds that its prior decision dismissing Petitioner's motion because of the Court's lack of jurisdiction to hear a successive § 2255 motion was and is correct as a matter of law.  Nothing in Petitioner's motion asserts that he has obtained an order of certification from the Fourth Circuit authorizing this Court to consider his third § 2255 motion.  Thus, Petitioner's Motion for Reconsideration must be denied.

**IT IS THEREFORE ORDERED** that Petitioner's Motion is DENIED.  The Court declines to issue a certificate of appealability in this matter.[2]

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

January 14, 2013
Anderson, South Carolina

---

[2] On December 1, 2009, the Rules Governing Section 2254 and 2255 Cases in the United States District Courts were amended to require a District Court to issue or deny a certificate of appealability when a final ruling on a habeas petition is issued.  See 28 U.S.C. § 2254, R. 11(a); 28 U.S.C. § 2255, R. 11(a).  This amendment also encompasses motions to reconsider final rulings on habeas petitions. See United States v. Haynes, 354 F. App'x 763 (4th Cir. 2009) (per curiam).